**Papetti Samuels Weiss LLP**
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254

**Jared Sutton** (State Bar No. 028887)
Direct Dial: 480.800.3527
Email: jsutton@PSWfirm.com

**Jennifer Lee-Cota** (State Bar No. 033190)
Direct Dial: 480.800.3528
Email: jleecota@PSWfirm.com

*Attorneys for Plaintiff Best Western International, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Sundance Lodging, LLC, a Wyoming limited liability company; Khalid Khan and Rahid Bibi Khan, individuals, | |
| Defendants. | |

Plaintiff Best Western International, Inc. ("Best Western"), for its Complaint against Sundance Lodging, LLC, Khalid Khan, and Rahid Bibi Khan, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Best Western is a non-profit corporation organized under Arizona law with its headquarters located in Phoenix, Arizona.

2. On information and belief, Defendant Sundance Lodging, LLC ("Sundance") is a Wyoming limited liability company with its principal place of business in Sheridan, Wyoming.

3. On information and belief, Defendant Khalid Khan ("Khan") is a resident of Wyoming and is the sole member of Sundance.

4. Defendant Rahid Bibi Khan is Defendant Khan's spouse and, on information and belief, is a resident of Wyoming. Defendant Rahid Bibi Khan is named solely for community property purposes.

5. Defendant Sundance executed a Best Western Membership Agreement on September 9, 2016, pursuant to which, among other things, it agreed that all disputes arising from or related to the membership application process, the membership agreement, or termination of membership would be resolved exclusively in the state or federal courts in Maricopa County, Arizona.

6. Defendant Sundance designated Defendant Khan as the Voting Member for the membership. As Voting Member, Khan agreed to be bound by the terms in the Membership Agreement, including the forum selection, personal jurisdiction, and choice of law provisions.

7. This Court has jurisdiction over the claims and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1332 because: (1) Best Western is an Arizona non-profit corporation with its principal place of business in Phoenix, Arizona and its witnesses are either located in Phoenix or available in Phoenix; (2) Defendants are citizens of Wyoming; (3) the amount in controversy exceeds $75,000.00; (4) there are no matters pending between the parties in any other jurisdiction; and (5) Defendants executed a contract that contained a forum-selection clause requiring all disputes arising from that contract to be resolved by a state or federal court in Arizona and according to Arizona law.

8. The exercise of personal jurisdiction over Defendants by this Court is proper pursuant to and because, among other reasons, Defendants expressly agreed to litigate all disputes with Best Western arising from or related to the contracts with Best Western, or any relationship between the parties, in state or federal courts located in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

9. Best Western is a hotel-industry, service organization that operates on a cooperative basis by and for its hotelier members, which are independent owners and operators of Best Western® branded hotels.

10. Best Western provides its members with a reservations system and

marketing campaigns, as well as an option to participate in collective purchasing of hotel equipment, furnishings, and supplies (the "Best Western Services"), among other services that members can elect to purchase.

11. The rights and obligations of Best Western's members are determined by the member hotels and are set forth in the Membership Agreement, Best Western's Bylaws & Articles (the "Bylaws"), Best Western's Rules and Regulations (the "Rules and Regulations"), Board Policies, and other Best Western "Regulatory Documents," as that term is defined in Best Western's Bylaws (collectively the "Regulatory Documents").

12. In exchange for receiving Best Western Services, Best Western members are obligated to, among other things, pay annual dues, monthly fees, membership fees, and other assessments/charges, and to abide by all obligations as may be established from time to time in the Regulatory Documents, which are expressly incorporated by reference into the Membership Agreement. (*See* Ex. A, Membership Agreement ¶ A(1)-(2).)

13. The membership fees are due on December 1 of each year but are billed, as a courtesy, in monthly installments over the course of the following year to accommodate members.

14. Annual dues are charged in August of each year. All other dues, fees, charges, and assessments are billed monthly.

15. Pursuant to the Membership Agreement and Regulatory Documents, Defendants agreed to "to timely pay all fees, dues, charges, and assessment imposed generally on the Membership by the Best Western Board of Directors ('Board') or the Membership, and the cost of all goods and services provided by or ordered through Best Western," that "[p]ast due amounts shall bear interest at the rate of one and one half percent (1.5%) per month from the due date until paid, provided that such interest charge shall in no way authorize or excuse late payments or limit Best Western's rights and remedies against Member," and that "[u]pon resignation, termination, or cancellation of

Membership, the Member shall owe certain fees, dues, charges, assessments, and other damages to Best Western, as discussed in greater detail below in Section F." (*See* Ex. A, Membership Agreement ¶ A(2); Ex. B, Bylaws, Art. II § 2(B)(2).)

16. The Membership Agreement also provides that in the event of breach, Defendants shall be liable for all attorneys' fees, costs and expenses incurred by Best Western in connection with the breach.  (Ex. A, Membership Agreement ¶ O.)

17. The Bylaws and Rules and Regulations are expressly incorporated by reference into the Membership Agreement.  (*See id.* ¶ A(1) and E.)

## DEFENDANTS' BEST WESTERN MEMBERSHIP

18. Defendant Sundance applied for a Best Western membership for a hotel located at 2719 East Cleveland Street in Sundance, Wyoming (the "Hotel").

19. Defendant Sundance executed a Membership Application and Agreement on September 9, 2016.  Defendant Khan executed the Membership Agreement on Sundance's behalf as its "Member."  (*See id.* at 16.)

20. Defendant Sundance designated Defendant Khan as its Voting Member. As the Voting Member, Defendant Khan agreed to "be bound by the Membership Application and Agreement executed in connection with" the Hotel.  (*See id*. ¶ K & Ex. A, Addendum A.)

21. Having accepted that designation, Khan certified that he understood and agreed to meet all Best Western membership requirements, and that he agreed to be personally liable for the responsibilities of the Hotel's Best Western affiliation, including the Membership Agreement and Regulatory Documents.  (*Id*.)

22. Defendants were, and are, jointly bound by the Membership Agreement and Regulatory Documents.  (*See id.* ¶ K.)

23. Each month, Best Western sent Defendants monthly invoices with respect to the membership for the Hotel.  Those invoices included an "aging summary," showing the current balance due, any amounts past due by 30 days, any amounts past due by 60 days, any amounts past due by 90 days, and any amounts past due by 120 days or more.

4

Many charges were billed in arrears for reservation activity that occurred the month before. Best Western also sent Defendants letters concerning outstanding amounts that Defendants owed with respect to the membership for the Hotel.

24. The last payment Defendants made to Best Western was on March 31, 2020.

25. On September 10, 2020, Khan notified Best Western that Defendant Sundance was terminating its membership, effective November 30, 2020.

26. On September 16, 2020, Best Western sent a letter to Defendants confirming the request for self-termination, effective November 30, 2020, and asked Defendants to make arrangements to satisfy the remaining balance owed on the Best Western account for the Hotel as soon as possible. (Ex. C, 9/16/20 Letter.)

27. As of November 30, 2020, Defendants had an outstanding account with Best Western. Defendants have not made arrangements to pay, nor have they paid the outstanding sums owed on the Best Western account for the Hotel.

28. On February 8, 2021, Best Western sent a demand letter to Defendants with respect to the outstanding amounts owed to Best Western as provided in the Membership Agreement and Regulatory Documents. (Ex. D, 2/8/21 Letter.)

29. Defendant Khan responded, seeking a payment plan. Although Best Western was willing to consider a plan, the parties did not reach an agreement.

30. Defendants have not made any payments toward a payment plan or otherwise, and as noted above, the last payment made by Defendants was on March 31, 2020.

31. On August 8, 2021, Best Western's outside counsel sent a demand letter to Defendants with respect to the amounts owed. Defendants did not respond. (Ex. E, 8/3/21 Letter.)

32. To date, Defendants have not paid as required by the Membership Agreement and Regulatory Documents. As of September 1, 2021, the total account balance, with accrued interest, was $80,866.20. (*See* Ex. F, Invoices.) The outstanding

balance includes fees for services provided to Defendants by Best Western before cancellation and accrued interest as specified in the Membership Agreement.

33. With service charges for non-payment, as set forth in the Membership Agreement, the outstanding account balance will grow each month.

34. The Hotel is now operating as the "Serena Inn & Suites - Sundance" and, on information and belief, remains owned by Defendants.

## COUNT I – BREACH OF CONTRACT

35. Best Western incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

36. The Membership Agreement is a valid, binding, and enforceable contract.

37. Defendants have refused and continue to refuse to pay Best Western the amounts due and owing as required by the Membership Agreement.

38. Best Western fully performed its obligations under the parties' contract.

39. Defendants' performance under the parties' contract was not excused.

40. To date, Defendants have not paid Best Western the outstanding account balance, which, as of September 1, 2021, is $80,866.20. (*See* Ex. F, Invoices.)

41. Pursuant to the express terms of the Membership Agreement, interest has accrued and continues to accrue on the unpaid amounts at 1.5% per month until paid in full.

42. Pursuant to the express terms of the Membership Agreement, Best Western is also entitled to its attorneys' fees, costs, and expenses.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43. Best Western incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

44. The Membership Agreement is a valid, binding, and enforceable contract.

45. The agreement contains an implied covenant of good faith and fair dealing.

46. Defendants' conduct, as described herein, constitutes a breach of the

6

covenant of good faith and fair dealing implied in the contract.

47. As a direct and proximate result of Defendants' misconduct and failure to perform the parties' contract, Best Western has suffered damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Best Western International, Inc. seeks judgment against Defendants, jointly and severally, as follows:

A. An award to Best Western of its damages in an amount to be proven at trial;

B. Attorneys' fees and costs pursuant to the Membership Agreement, A.R.S. §§ 12-341 and 12-341.01, and any other applicable law;

C. Pre- and post-judgment interest; and

D. Any other relief the Court deems just and proper.

DATED this 27th day of September, 2021.

**PAPETTI SAMUELS WEISS LLP**

/s/Jennifer Lee-Cota
Jared Sutton
Jennifer Lee-Cota

*Attorneys for Plaintiff Best Western International, Inc.*